NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBORAH CALDWELL, an individual
domiciled in New Mexico,

              Plaintiff-Appellee,

   v.

J & J ROCKET COMPANY, DBA JP
Consultants, an Arizona corporation,

              Defendant-Appellant..

Nos.   14-17255
          15-15986

D.C. No. 3:13-cv-08043-PGR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before: CANBY, SILER**, and HURWITZ, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the
Sixth Circuit, sitting by designation.

J & J Rocket Company (d/b/a "JP Consultants") appeals from the judgment and award of attorney's fees in favor of Deborah Caldwell. For the following reasons, we affirm.

1. Arizona law requires restrictive covenants to be reasonable. *Valley Med. Specialists v. Farber*, 982 P.2d 1277, 1283 (Ariz. 1999). "A restriction is unreasonable and thus will not be enforced . . . if the restraint is greater than necessary to protect the employer's legitimate interest." *Id.* Although there is no bright-line rule for determining reasonableness, *id.*, the three-year restrictive covenant in Caldwell's contract with JP Consultants for a one-year position is facially unreasonable. The Arizona cases make clear that a covenant is unreasonable if it lasts beyond the time necessary to train a replacement, *id.* at 1284 (citing *Amex Distrib. Co. v. Mascari*, 724 P.2d 596, 604 (Ariz. Ct. App. 1986)), and no Arizona case has approved a covenant of three years for an employment contract of one year, *see id.* at 1284–85 (rejecting three-year restriction); *Bryceland v. Northey*, 772 P.2d 36, 40 (Ariz. Ct. App. 1989) (rejecting two-year restriction); *Amex*, 724 P.2d at 604–05 (rejecting three-year restriction).

2. JP Consultants failed to submit evidence in support of its affirmative defense that Caldwell breached her agreement. "Under Arizona law, a material breach occurs when (1) a party fails to perform a substantial part of the contract or one or more of its essential terms or conditions or (2) fails to do something required

2

by the contract which is so important to the contract that the breach defeats the very purpose of the contract." *Dialog4 Sys. Eng'g GmbH v. Circuit Research Labs, Inc.*, 622 F. Supp. 2d 814, 820 (D. Ariz. 2009) (citation omitted). Although an independent contractor has a duty not to compete with the principal regarding the subject matter of the relationship, she is entitled to "make arrangements to compete" after the conclusion of the contract. *See McCallister Co. v. Kastella*, 825 P.2d 980, 982 (Ariz. Ct. App. 1992) (quoting Restatement (Second) of Agency § 2 (1958)). JP Consultants offered no evidence that Caldwell solicited any of its current clients, or any entity that it was interested in obtaining as a client, during the course of the relationship.

3. Arizona law gives courts discretion to award attorney's fees to the successful party in a contract case. Ariz. Rev. Stat. Ann. § 12-341.01. Awards of attorney's fees are reviewed for abuse of discretion. *Lange v. Penn Mut. Life Ins. Co.*, 843 F.2d 1175, 1184 (9th Cir. 1988). The district court carefully considered the work performed by the attorneys and did not abuse its discretion in awarding attorney's fees to Caldwell.

**AFFIRMED**.